THOMPSON, Presiding Judge, concurring in part and dissenting in part.
I do not believe this court can, at this stage of the litigation, reach the issue of whether the trial court erred in taxing certain costs against Ampro Products, Inc., the employer. The authority for taxing costs in a workers' compensation case is derived from § 25-5-89, Ala. Code 1975, which provides, in pertinent part, that "[c]osts may be awarded by [the trial] court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases."
*690 Rule 54(d), Ala. R. Civ. P., which authorizes the taxing of costs to the prevailing party, is a subsection of Rule 54, Ala. R. Civ. P., subsection (a) of which defines a "judgment" as an order "from which an appeal lies."
Our review in this case is by means of a petition for a writ of mandamus, not by an appeal, because there is not yet a final judgment in the underlying matter. The main opinion recognizes this in determining that the issue of the taxing of costs for the deposition of Dr. Donald Blanton, the vocational expert for Toni Colvin, the employee, "was not 'reasonably necessary' to the issues that have been decided at this point in the litigation and, therefore, was not properly taxed as costs." 252 So.3d at 688-89. It has become axiomatic that "[a]ppellate review in a piecemeal fashion is not favored." Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala. Civ. App. 1996). The trial court will have to revisit the taxing of costs when a final judgment is entered in this matter. Accordingly, I do not believe the propriety of the trial court's decision to tax any costs against the employer is properly before this court. For that reason, I respectfully dissent to that portion of the main opinion that considers the taxing of costs. I concur with the remainder of the opinion.
Thomas, J., concurs.